IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  13-cv-00908-RM-BNB

Dr. DORIS RAPP,

Plaintiff,

v.

KARIN HOFFMAN, and
TENDRIL PRESS, LLC

Defendants,

_____

## ORDER

_____

This matter arises on the following:

(1)  Defendant Karin Hoffman's **Motion for Extention** [sic] **of Time** [Doc. #12, filed 05/24/2013] (the "Motion for Extension"); and

(2)  The plaintiff's **Motion to Strike** [Doc. #15, filed 05/31/2013].

The Motion for Extension is GRANTED as specified, and the Motion to Strike is DENIED.

The plaintiff filed her Complaint on April 9, 2013.  The defendants were served on April 25, 2013.  Pursuant to Rule 12(a)(1), the defendants were required to answer or otherwise respond to the Complaint within 21 days, or by May 16, 2013.

The defendants did not respond to the Complaint on or before May 16, 2013. Consequently, on May 24, 2013, the plaintiff filed a Request that Clerk Enter Default Against Defendants Karin L. Hoffman and Tendril Press, LLC [Doc. #8].  Also on May 24, 2013, defendant Hoffman "as CEO Tendril Press, LLC," filed the Motion for Extension.  She seeks a

stay of the proceedings to enable her to obtain counsel.[1]  She also requests mediation or alternative dispute resolution.

The plaintiff responded by filing her Motion to Strike the defendant's Motion for Extension.  The plaintiff argues that the Motion for Extension does not comprise an answer and was untimely filed.  The plaintiff requests that the Motion for Extension be stricken and that default be entered against the defendants.

Rule 55(a)(1), Fed.R.Civ.P., provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Entry of default under this provision may be made by the Clerk of the Court and does not require the involvement of a judicial officer.  The delegation of authority to the Clerk of the Court does not divest me of the power to review the request, however.  See Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682 at p. 19.

Decisions to enter judgments by default are committed to the discretion of the district court and are reviewed for abuse of discretion.  Dennis Garberg & Assoc., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 771 (10th Cir. 1997).  A default judgment is a harsh sanction, contrary to the preferred policy that favors the resolution of disputes on the merits.  Ruplinger v. Rains, 946 F.2d 731, 732 (10th Cir. 1991).  Consequently, default normally is appropriate only when the adversary process has been halted because of an essentially unresponsive party.  Id.

---

[1]Defendant Karin Hoffman is not required to obtain counsel; she may proceed *pro se*. However, because defendant Tendril Press, LLC, is a corporation, it may appear in the federal court **only** through licensed counsel.  Rowland v. California Men's Colony, Unit II Men's Advisory Counsil, 506 U.S. 194, 201-02 (1993); D.C.COLO.LR 11.1A.

Applying these principles to the facts of this case leads me to conclude that the entry of default is not appropriate here.  The defendants have indicated their intention to defend the action, and there has been only a slight delay in the proceedings which has not resulted in any prejudice to the plaintiff.  See 10A Wright, Miller & Kane, supra, §2685 at pp.32-36. Accordingly,

IT IS ORDERED:

(1)   The plaintiff's Motion to Strike [Doc. #15] is DENIED;

(2)   Defendant Karin Hoffman's Motion for Extention [sic] of Time [Doc. #12] is GRANTED to allow the defendants until **June 17, 2013**, to answer or otherwise respond to the Complaint and is DENIED in all other respects.

Dated June 7, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge