IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00908-RM-BNB

Dr. DORIS RAPP,

Plaintiff,

v.

KARIN HOFFMAN, and
TENDRIL PRESS, LLC

Defendants,
_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion for Default Judgment Pursuant to Fed. R. Civ. P. 37(b) and (c)** [Doc. # 43, filed 3/19/2014] (the "Motion for Default Judgment"). The plaintiff seeks default judgment against defendant Karin Hoffman based on her failure to comply with my order to make Rule 26(a)(1) disclosures and her failure to respond to written discovery requests. I held a hearing on the Motion for Default Judgment on June 2, 2014, and made oral rulings from the bench, which are incorporated here. The Motion for Default Judgment is DENIED insofar as it seeks the entry of a default judgment as a discovery sanction; is construed instead as a motion to compel; and is GRANTED as specified below.

Ms. Hoffman is proceeding pro se. "In general, litigants proceeding pro se are held to the same procedural standards as those with counsel." U.S. v. Distefano, 279 F.3d 1241, 1245 (10th Cir. 2002).

Pursuant to the Scheduling Order [Doc. # 34], Ms. Hoffman was required to make Rule 26(a)(1) disclosures on or before July 23, 2013. Id. at Part 6(c). No such disclosures were

made.  At the hearing, Ms. Hoffman argued that she had not made the disclosures as ordered because she does not know what is required.  To the contrary, at the scheduling conference I directed Ms. Howard to review the Federal Rules of Civil Procedure, including particularly Rule 26(a)(1), and I discussed with her in detail the nature of those disclosures.  I also allowed Ms. Hoffman to make her disclosures one week after the plaintiff's disclosures so that she would have the benefit of reviewing those before making her own.  In any event, as noted, "litigants proceeding pro se are held to the same procedural standards as those with counsel."  Distefano, 279 F.3d at 1245.

The plaintiff served written discovery, including interrogatories, requests for production of documents, and requests for admissions on September 17, 2013.  Affidavit of Thomas P. Howard [Doc. # 43-1] at ¶10.  Responses were due on October 21, 2013.  Ms. Hoffman did not respond to the written discovery requests on that date or at any time prior to the filing of the Motion for Default Judgment.  Id. at ¶11.  Months later, on May 28, 2014, Ms. Hoffman submitted a series or exhibits, purportedly to be used during the hearing on the Motion for Default Judgment, which include at Exhibits D and E apparent responses to the written discovery requests and the production of certain documents.  Even those responses are manifestly inadequate because, at a minimum, the interrogatory answers are not signed under oath as required by Fed. R. Civ. P. 33(b)(3); Ms. Hoffman purports to produce "available documents" rather than all responsive documents in her possession, custody, and control; and Ms. Hoffman attempts to assert denials to the requests for admissions without first obtaining a court order

under Fed. R. Civ. P. 36(b) allowing her to withdraw prior admissions.[1]

Importantly, the plaintiff did not bring to Ms. Hoffman's attention the disclosure and discovery failures; there is no evidence that the plaintiff ever conferred under D.C.COLO.LCivR 7.1(a) with Ms. Hoffman about her failures to make disclosures and discovery; and the plaintiff never moved to compel the disclosures or discovery. The discovery requests were served by United States mail, first class postage prepaid, as permitted under Fed. R. Civ. P. 5(b)(2)(C). Ms. Hoffman claims that she did not receive the requests. The dispute concerning delivery of the requests should have been resolved months ago through a conference under D.C.COLO.LCivR 7.1(a). See Hoelzel v. First Select Corp., 214 F.R.D. 634, 635 (D. Colo. 2003)(noting that local rule 7.1(a) "serves a particularly important function in connection with discovery disputes"). Instead, the plaintiff waited until after the discovery cut-off and the dispositive motion deadline and, rather than requesting an order compelling the disclosures and discovery, sought instead the ultimate sanction of a default judgment. I disapproved of this tactic in Buttler v. Benson, 193 F.R.D. 664, 666 (D. Colo. 2000), stating:

> Ordinarily, if a failure to make discovery comes to light, the remedy is to order production and to take any other steps necessary to cure any prejudice.
>
> \* \* \*
>
> The plaintiff's unexplained delay in seeking court assistance to obtain [discovery], coupled with his request for sanctions in the form of an order precluding defendants from opposing his damage claims and from offering evidence at trial, raises the inference that the plaintiff is not as concerned with obtaining the documents as he is with holding in abeyance a putative discovery violation for the

---

[1] Pursuant to Fed. R. Civ. P. 36(a)(3), the requests for admissions were deemed admitted because Ms. Hoffman did not within 30 days after being served with them "serve[] on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

>     strategic purpose of using it late in the proceedings as a basis to
>     prevent defendants from defending the claims against them.

(Internal quotation and citation omitted.)

Under these circumstances, the severe sanction of a default judgment is not appropriate.

Ms. Hoffman's unexcused failures to comply with her disclosure and discovery obligations may not be overlooked, however.  Consequently, I have construed the Motion for Default Judgment as a motion to compel, which is granted.

I will not attempt to determine at this time the adequacy of Ms. Hoffman's answers to the plaintiff's interrogatories.  I note only that Rule 33(b)(3) requires that "[e]ach interrogatory must . . . be answered separately and fully in writing under oath," and Rule 33(b)(5) requires that "the person who makes the answers must sign them. . . ."  The answers currently are not signed and are not made under oath.  Any additional inadequacies in the interrogatory answers which may be identified by the plaintiff must be addressed in a meaningful conference under D.C.COLO.LCivR 7.1(a) and, if not resolved, may be raised in a motion to compel discovery.[2]

Similarly, I will not attempt at this time to determine the adequacy of Ms. Hoffman's production of documents in response to the plaintiff's request.  I note, however, that Ms. Hoffman is required to produce all responsive documents in her "possession, custody, or control," Fed. R. Civ. P. 34(a), and not merely the "available documents."  Cf. Response to Plaintiff First Request for Production of Documents, Exh. D, at ¶15.  Any inadequacies in Ms. Hoffman's production identified by the plaintiff must be addressed in a meaningful conference

---

[2] I am, of course, familiar with the requirements of Fed. R. Civ. P. 37(a)(5) concerning the award of reasonable expenses, including attorney's fees, to the party prevailing on a motion to compel.

under D.C.COLO.LCivR 7.1(a) and, if not resolved, may be raised in a motion to compel discovery.

Finally, Fed. R. Civ. P. 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Where, as here, service was by mail, it is "complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). It is undisputed that Ms. Hoffman did not answer or object to the requests for admissions within 30 days after service. Consequently, the admissions are deemed admitted. Rule 36(b) provides a mechanism by which an admission may be withdrawn or amended, but Ms. Hoffman has not availed herself of that procedure. Consequently, the plaintiff's requests for admissions stand admitted until such time as there is an order to the contrary.

I have identified several deficiencies in Ms. Hoffman's tardy discovery responses--i.e., the failure to sign her interrogatory answers under oath, and the apparent failure to produce all responsive documents in her possession, custody, and control. In addition, Ms. Hoffman still has not made the disclosures required by Fed. R. Civ. P. 26(a)(1). I will allow Ms. Hoffman two weeks within which to make full discovery responses and disclosures that meet the formalities of the Federal Rules of Civil Procedure.

IT IS ORDERED:

(1)     The Motion for Default Judgment is DENIED insofar as it seeks the entry of default judgment as a sanction for failure to make disclosures and discovery as required, and GRANTED insofar as it may be construed as a motion to compel discovery;

(2)     Ms. Hoffman shall make full disclosures and discovery responses that comply

with the formalities of the Federal Rules of Civil Procedure on or before June 17, 2014; and

      (3)    A final pretrial conference is set for August 6, 2014, at 2:30 p.m., in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than July 30, 2014.

      Dated June 3, 2014.

              BY THE COURT:

              s/ Boyd N. Boland
              United States Magistrate Judge