IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00908-RM-BNB

Dr. DORIS RAPP,

Plaintiff,

v.

KARIN HOFFMAN, and
TENDRIL PRESS, LLC

Defendants,

_____

**ORDER**
_____

This matter arises on defendant Karin Hoffman's **Motion to Withdraw and Amend Admissions** [Doc. # 55, filed 6/19/2014] (the "Motion"), which is GRANTED.

The plaintiff served requests for admissions on Ms. Hoffman on September 17, 2013. Requests [Doc. # 37-3]. Ms. Hoffman did not respond within the time permitted. Affidavit of Thomas P. Howard [Doc. # 62-1] ("Howard Aff.") at ¶11. Ms. Hoffman claims that she did not receive the Requests, despite the certificate of service affirming that the Requests were mailed to Ms. Hoffman's proper address by United States mail, first class postage prepaid. Requests [Doc. # 37-3] at p. 4.

After Ms. Hoffman failed to respond to the Requests, the plaintiff filed a Motion for Default Judgment [Doc. # 37] on November 4, 2013. In that motion, the plaintiff noted that Ms. Hoffman had failed to respond to the Requests and relied on the deemed admissions. Id. at p. 2 n.1. A copy of the Requests was attached as an exhibit to the Motion for Default Judgment [Doc. # 37-3]. The plaintiff filed a [Second] Motion for Default Judgment [Doc. # 43] on March

19, 2014, which again noted Ms. Hoffman's failure to respond to the Requests, id. at p. 3 n.1; again relied on the deemed admissions; and again attached a copy of the Requests as an exhibit [Doc. # 43-3]. Notwithstanding this thrice repeated service, Ms. Hoffman did not respond to the Requests until June 2014, in connection with an evidentiary hearing on the [Second] Motion for Default Judgment. Howard Aff. [Doc. # 62-1] at ¶11.

The Requests were deemed admitted because Ms. Hoffman did not respond to them or object within the time allowed. Fed. R. Civ. P. 36(a)(3); SBM Site Services, LLC. v. Garrett, 2011 WL 1375117 at *1 (D. Colo. April 12, 2011). Rule 36(b), Fed. R. Civ. P., allows a court to relieve a party of the consequences of failing to timely respond to admission requests, as follows:

> A matter admitted under this rule is conclusively established unless the court, on motion permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Rule 36(b) creates a two part test. As the circuit court explained in Raiser v. Utah County, 409 F.3d 1243, 1246 (10th Cir. 2005), "[t]he court may permit such withdrawal or amendment when [1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Id. (internal quotation and citation omitted).

I have reviewed the Requests. Here, as in Raiser, "upholding the admissions would practically eliminate any presentation of the merits of the case. [T]he admissions at issue conceded the core elements of [the plaintiff's] case. . . ." Id. Thus, allowing the admissions to

be withdrawn would serve the presentation of the case on its merits.

Nor has the plaintiff demonstrated actual prejudice resulting from withdrawal of the admissions.  The plaintiff's prejudice argument--that the Motion was filed after the close of discovery and the plaintiff "will be unduly prejudiced by the inability to conduct further discovery," Response [Doc. # 62] at p. 8--has been superseded by my subsequent order reopening discovery for four months.  Order [Doc. # 68].  Moreover, I will grant a further extension of discovery, if necessary.

As the circuit court held in Raiser:

> Mere inconvenience does not constitute prejudice for this purpose. The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth.  Something more is required.  In particular, preparing a summary judgment motion in reliance upon an erroneous admission does not constituted prejudice.  The prejudice contemplated by Rule 36(b) relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted.

Raiser, 409 F.3d at 1246 (internal quotations and citations omitted).

IT IS ORDERED:

(1)   The Motion [Doc. # 55] is GRANTED; and

(2)   Ms. Hoffman shall serve a written answer to the Requests, consistent with the requirements of Fed. R. Civ. P. 36(a)(4), on or before October 20, 2014.

Dated October 9, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge